IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:11 CV 480

CHARLIE D. MORRIS, JR.,

    Plaintiff,

v.

CITY OF CHARLOTTE, NORTH CAROLINA

    Defendant

STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and N.C.G.S. § 160A-168(c)(4), and upon the consent and agreement of counsel, the Court enters the following order:

Documents and information will be sought by both parties, and will be produced or exhibited in the above captioned proceeding, which documents and information include personnel, medical, financial, and other records containing confidential information of the parties and third parties. The parties seek this protective order to protect the confidentiality of such information.

By consent, IT IS HEREBY ORDERED THAT:

1. "Confidential Information" for purposes of this Order, shall be defined to include, but shall not be limited to, the following types of information produced in discovery by the designating party:

    a.    Personnel Information;

    b.    Medical Records;

    c.    Information that is related to a party's business, occupation or

other similar activities, the public dissemination of which would place the designating party at a competitive disadvantage; or that the designating party maintains as confidential in the ordinary course of business;

d. Individual and business tax returns and other financial documents, including, but not limited to, credit card statements, bank statements, receipts, and evidence of debts; and

e. Any other information, documents, or items which are generally treated as confidential, and are not generally known or accessible.

2. The term "Confidential Information shall not include matters of public record.

Nothwithstanding the foregoing exceptions, Defendant will redact personally identifying information, such as social security or other number(s) which could be used for identity theft, from those documents.

3. "Personnel Information" of employees and/or former employees of Defendant City of Charlotte includes personnel file information as defined in N.C.G.S. § 160A-168, and includes, by way of illustration but not limitation, information relating to an individual's application, selection or nonselection, performance, promotion, demotion, transfer, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions, termination of employment, and similar information and documents, wherever located and in whatever form.

4. "Personnel Information" as defined herein, is protected from the North Carolina Public Records Act by N.C.G.S. §160A-168, *Privacy of employee personnel records*, which states that Defendant City of Charlotte cannot release that information without release from an employee or an Order from a Court of

competent jurisdiction.

5. "Medical Records" are those records maintained by physicians or other physical or mental health care providers or maintained in employment files related to the physical and/or mental condition of any employee of Defendant.

6. The party producing any documents or information subject to this Protective Order shall designate the information or document as "Confidential" in writing by clearly and prominently marking the document as "Confidential," or at a deposition by orally stating on the record that the information is confidential. The designating party shall exercise reasonable discretion in designating materials subject to this Order to be Confidential Information which the party believes in good faith to be information defined in ¶ 1 and not excepted by ¶ 2. Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

7. Confidential Information shall be used only for the purpose of these Court proceedings and shall not be disclosed to any person prior to trial of this action except the following persons:

    a. The Court and the employees thereof;

    b. Court reporters, stenographers, videographers, and members of their firms involved in the taking of deposition testimony or other discovery in this litigation;

    c. The parties and counsel for parties to this lawsuit, including necessary secretarial, paralegal and clerical personnel assisting such counsel;

    d. Agents, representatives and employees of either party, as is necessary to prepare this case for litigation;

    e. Subject to the provisions of ¶ 8 below, independent experts employed by counsel for the purpose of assisting in this action;

provided, however, that no Confidential Information may be disclosed to any person under this paragraph until such person has read and signed a copy of this Order, thereby indicating his or her willingness to be bound by its provisions, which shall be maintained in confidence by the disclosing party subject to any order of disclosure of the Court;

 e. Subject to the provisions of ¶ 8 below, any witness needed to prepare this case for litigation; provided, however, that no such person shall be permitted to maintain a copy of any Confidential Information; and that no Confidential Information may be disclosed to any person under this paragraph until such person has read and signed a copy of this Order, thereby indicating his or her willingness to be bound by its provisions, which shall be maintained in confidence by the disclosing party subject to any order of disclosure of the Court;

 f. Witnesses and jurors, if any, in the trial of this action; and

 g. Any other person or entity agreed to in writing by the parties or as the Court may direct.

Nothing in this Order is intended to interfere with an individual's right to examine his or her own personnel file and the right of the parties and their designated representatives from examining personal information to the extent permitted by law.

 8. Confidential Information submitted in accordance with the provisions of this Order shall not be made available to any person, other than those designated in ¶ 7, unless he or she is the subject of such records or unless he or she shall have first read this Order and shall have agreed, in writing or under oath: (i) to be bound by the terms thereof; (ii) to not reveal this information to anyone other than another person designated herein; and (iii) to utilize such information solely for purposes of this litigation. The disclosing party shall have the obligation to inform the

person to whom information is disclosed of the terms of this Order. All persons to whom Confidential Information is released shall be subject to this Court's jurisdiction and possible discipline, including punishment for contempt of court, for violation of this order. Attorneys shall maintain written agreements executed in compliance with this paragraph in their files, and will disclose the written agreements signed by witnesses who are expected to testify at trial or who are deposed in this action, upon written request from opposing counsel. Otherwise, there shall be no obligation to disclose the written agreements except upon order of this Court.

9. With respect to Confidential Information in depositions, deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them or the entities they represent unless he or she follows the procedure as outlined in paragraph 8 above. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being asked to review potentially confidential documents.

>   a. Parties (and deponents) may, within fourteen (14) calendar days after receiving a deposition transcript, designate in writing to the opposing party and the court reporter specific pages and lines of the transcript (and exhibits thereto) as Confidential Information. Until expiration of the 14-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as Confidential Information; if a timely designation is made, the confidential portions and exhibits shall marked as Confidential by the court reporter and the original deposition shall be sealed.
>
>   b. This Order shall not require any party to notify or obtain

permission from other parties before examining witnesses about materials designated "Confidential Information" during depositions, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of the Court.

10. Any Confidential Information submitted to the Court in connection with a motion or other proceeding within the purview of this matter shall be submitted with identifying information properly redacted or, if redaction will not protect the individual's identity, shall be submitted under seal. Any portion of a transcript in connection with this matter containing any Confidential Information submitted pursuant to the provisions of this Order shall be properly redacted or filed under seal to protect the individual's identity. Such filings made under seal shall plainly and in bold type on the first page of the document set forth the following: "FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER." If motions, briefs, or other pleadings contain Confidential Information, the pleading shall either be filed under seal along with any copies thereof, or a separate copy of the pleading with the Confidential Information redacted may be filed unsealed.

12. If the non-designating party disagrees with respect to a "Confidential" designation, in full or in part, he shall notify the designating party in writing, and the parties will confer as to the status of the subject information proffered within the context of this Protective Order. If prior to, or at the time of such a conference, the designating party withdraws its designation of such information as being subject to this Protective Order, but nonetheless submits such information for purposes of this litigation; the designating party shall express the withdrawal, in writing, and serve such withdrawal upon the non-designating party and the Court. If Plaintiff and Defendant are unable to concur upon the status of the subject information submitted as "Confidential" within ten (10) days from the date of

notification of such disagreement, any party to this Protective Order may raise the issue of the designation of such status to the Court, which shall consider the issue. The non-designating party may challenge a designation of information as "Confidential" at any time; provided, however, that until such time as the Court orders otherwise, or the parties agree otherwise, the designating party's information shall remain and continue to be maintained as "Confidential" pursuant to this Protective Order. No party shall be obligated to challenge the propriety of any designation of information as confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

13. Confidential Information may be offered in evidence at trial and/or any court hearing, subject to such restrictions as the Court may apply to protect the confidential nature of such information or document(s). This Order shall not require any party to notify or obtain permission from other parties before introducing materials designated "Confidential Information" at trial or examining witnesses about materials designated "Confidential Information" during trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of the Court.

14. If Confidential Information submitted in accordance with the provisions of this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the opposing counsel and the Court and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

15. The ultimate disposition of protected materials is subject to a final order of the Court upon completion of litigation. In the event the Court does not issue an order regarding the ultimate disposition of materials furnished pursuant to

this Confidentiality Order, within 120 days after final conclusion of all aspects of this litigation, including appeals, Confidential Information and all copies of same (other than exhibits of record) shall be returned to the party that produced such documents or, at the option of the producing party, destroyed by counsel of the receiving party. This paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys for each party as archival records or other attorney work product created for any party, but each attorney shall continue to treat the material as Confidential Information. Each counsel shall be responsible for retrieving all copies of "Confidential" documents which it provided to experts. The provisions of this Confidentiality Order insofar as it restricts the disclosure, communication of and use of Confidential Information produced hereunder shall continue to be binding after the conclusion of this action.

16. Nothing in this Order shall prevent any Party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

17. Review of the Confidential Information by those so authorized by this Order shall not waive the confidentiality of the documents or objections to production. Nothing contained in this Order and no action taken pursuant to it shall waive or prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Information sought or provided in discovery.

17. Nothing in the foregoing provisions of this Order shall be deemed to waive any privilege, or to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that party may consider appropriate. Such party shall not withhold or delay production or disclosure of information or documents on the ground that

the information or documents are Confidential, as defined in ¶ 1 above, during the pendency of such efforts, unless the party asserts that the information or documents are protected from discovery by statute or privilege. In addition, nothing in the foregoing provisions of this Order and no action by a party in accordance with this Order shall be deemed to waive any right to challenge any designation by the opposing party at any time, and neither party shall be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

18. In order to facilitate discovery, the inadvertent disclosure of documents or other information subject to confidentiality, a privilege, or other immunity from production shall be handled as follows:

    a. From time to time during the course of discovery, one or more of the parties may inadvertently disclose documents or other information subject to confidentiality, a privilege, or other immunity from production. Any such disclosure shall not be deemed a waiver of the confidential, privileged, or immune nature of that document or information, or of any related subject matter.

    b. To that end, if a producing party, through inadvertence, error or oversight, produces any document(s) or information that it believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity or any other privilege or immunity, such production shall not be deemed a waiver, and the producing party may give written notice to the receiving party that the document(s) or information so produced is deemed privileged and that the return of the document(s) or information is requested. Upon receipt of such written notice, the receiving party shall immediately undertake to gather the original and all such copies to the producing

party, and shall promptly destroy any newly created derivative document such as a summary of or comment on the inadvertently produced information. Return of such document(s) or information to the producing party shall not preclude the receiving party from later moving to compel production of the returned document(s) or information, but the motion shall not assert as a ground for production the fact of or circumstances surrounding the inadvertent production.

19. Nothing in this Order shall be deemed to restrict in any way any party, non-party, or their attorneys from handling or disclosing that party's or non-party's own documents, materials, or information.

20. Neither this Order nor the designation of any items as "Confidential Information" shall be construed as an admission that such material, or any testimony in respect to such material in a deposition or otherwise, would be admissible in evidence in this litigation or in any other proceeding. In addition, this Order does not, of itself, require the production of any information or documents.

Consent:

s/Alison L. Maddux
Alison L. Maddux
N.C. Bar # 39877
Attorney for Plaintiff
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
Telephone: (336) 724-2828
Facsimile: (336) 724-3335
E-mail: amaddux@epmlaw.com

Consent:

s/Hope A. Root
Hope A. Root
Senior Assistant City Attorney
Charlotte City Attorney's Office
State Bar No. 19771
600 East Fourth St., 15th Floor
Charlotte, NC 28202
T: 704-336-8854
E-mail: hroot@ci.charlotte.nc.us

s/Daniel E. Peterson
Daniel E. Peterson
Assistant City Attorney
Charlotte City Attorney's Office
State Bar No. 41521
600 East Fourth St., 15th Floor
Charlotte, NC 28202
T: 704-432-5397
E-mail: dpeterson@charlottenc.gov

**SO ORDERED.**

Signed:

_____
David S. Cayer, United States Magistrate Judge